**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICARDO HENRY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY  OF PHILADELPHIA, et al.** | : | **NO.    10-CV-1746** |
| **Defendants.** | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF THE DEFENDANTS,
CITY  OF PHILADELPHIA, POLICE COMMISSIONER SYLVESTER JOHNSON and
SERGEANT JOHN D'ANGELO
TO PLAINTIFF'S COMPLAINT**

Defendants, City of Philadelphia, Commissioner Sylvester Johnson ("Comm. Johnson"), and Sergeant John D'Angelo ("SGT D'Angelo"), (hereinafter "Answering Defendants"), by and through their undersigned counsel, hereby file this Answer to the Plaintiff's Complaint, together with Affirmative Defenses, and aver as follows:

1 to 6.   DENIED.  Paragraphs 1 to 6 of Plaintiff's complaint contain conclusions of law to which the Federal Rules of Civil Procedure require no response and they are therefore denied.

7.      DENIED.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 7 and therefore these allegations are denied.

8.      ADMITTED IN PART.  DENIED IN PART.   It is admitted only that SGT D'Angelo was, at the time and place alleged, a sworn member of the Philadelphia Police Department.  The remaining allegations of paragraph 8 contain conclusions of law to which the Federal Rules of Civil Procedure require no response and they are therefore denied.

9 & 10.  ADMITTED IN PART.  DENIED IN PART.   It is admitted only that the City of Philadelphia is a municipality of the First Class, duly established in accordance with the laws of the Commonwealth of Pennsylvania, which maintains an office for service of process as listed in Plaintiff's Complaint.  The remaining allegations of paragraphs 9 & 10 contain conclusions of law to which the Federal Rules of Civil Procedure require no response and they are therefore denied.

11.   ADMITTED IN PART.  DENIED IN PART.   It is admitted only that Comm. Johnson was formerly the Police Commissioner for the City of Philadelphia.  It is denied that Comm. Johnson was Police Commissioner at the time and place alleged.   The remaining allegations of paragraph 11 contain conclusions of law to which the Federal Rules of Civil Procedure require no response and they are therefore denied.

12.   DENIED.   The averments contained in paragraph 12 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendants herein.   The Answering Defendants are therefore advised that no further answer is required to the averments contained therein.

13 to 34.  DENIED.  The allegations contained in paragraphs 13 to 34 are false, untrue, and misleading.  Strict proof of the allegations contained in paragraphs 13 to 34 is demanded at the time of trial if the same be deemed relevant.  Moreover, the allegations contained in paragraphs 13 to 34 contain conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.   Further, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 13 to 34 and therefore, the allegations are denied.

## COUNT I
**Civil Rights Violations**

35.   The Answering Defendants incorporate their responses to paragraphs 1 to 34 as if set forth herein at length.

36.     DENIED.   The allegations contained in paragraph 36 are false, untrue, and misleading.  Strict proof of the allegations contained in paragraph 36 is demanded at the time of trial if the same be deemed relevant.   Moreover, the allegations contained in paragraph 36 contain conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.

WHEREFORE, the Answering Defendants deny that they are liable to plaintiff on the cause of action declared upon.

## COUNT II
**Monell**

37.   The Answering Defendants incorporate their responses to paragraphs 1 to 36 as if set forth herein at length.

38 to 40.   DENIED.  The allegations contained in paragraphs 38 to 40 are false, untrue, and misleading.  Strict proof of the allegations contained in paragraphs 38 to 40 is demanded at the time of trial if the same be deemed relevant.   Moreover, the allegations contained in paragraphs 38 to 40 contain conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.

WHEREFORE, the Answering Defendants deny that they are liable to plaintiff on the cause of action declared upon.

## COUNT II
### Conspiracy

41.   The Answering Defendants incorporate their responses to paragraphs 1 to 40 as if set forth herein at length.

42 to 48.   DENIED.   The allegations contained in paragraphs 42 to 48 are false, untrue, and misleading.   Strict proof of the allegations contained in paragraphs 42 to 48 is demanded at the time of trial if the same be deemed relevant.   Moreover, the allegations contained in paragraphs 42 to 48 contain conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.

WHEREFORE, the Answering Defendants deny that they are liable to plaintiff on the cause of action declared upon.

## AFFIRMATIVE DEFENSES

49.   The plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

50. The plaintiff's claims are barred or limited by the defenses, immunities and limitations of damages available to the Answering Defendants under the Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541, *et seq*.

51.   The plaintiff's remedies, if any, are limited exclusively to those set forth in the Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541, *et seq*.

52.   With respect to his federal claims against the municipal defendants, the plaintiff cannot recover punitive damages against a governmental entity, such as the City of Philadelphia,

4

or against an official or employee of a governmental entity acting in the course and scope of his

employment or official capacity.

53.    Under the circumstances described by plaintiff in his complaint, the Answering

Defendants are not liable to plaintiff as they are entitled to qualified immunity.

WHEREFORE, the Answering Defendants deny that they are liable to the plaintiff and

demand judgment in their favor, together with reasonable attorney's fees and the costs of

defending this action.


/s/ mmf5018
Margaret M. Fenerty
Senior Attorney
Attorney Identification #39409
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Dated:  June 21, 2010                                   Philadelphia, PA 19102

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICARDO HENRY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY  OF PHILADELPHIA, et al.** | : | **NO.    10-CV-1746** |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I, Margaret M. Fenerty, Senior Attorney, do hereby certify that a true and correct copy of Defendants' Answer with Affirmative Defenses to the Plaintiff's Complaint has been filed electronically and is available for viewing and downloading via the Court's ECF system.  In addition, a copy of Defendants' Answer with Affirmative Defenses to the Plaintiff's Complaint has been served by First Class Mail, postage prepaid, on the 21st day of June, 2010, upon the following:

> Matthew B. Weisberg, Esq.
> 7 South Morton Avenue
> Morton, PA  19070
> Attorney for Plaintiff

> /s/ mmf5018
> Margaret M. Fenerty
> Senior Attorney
> Attorney Identification #39409
> City of Philadelphia Law Dept.
> 1515 Arch Street, 14th Floor
Dated:  June 21, 2010                          Philadelphia, PA 19102
> (215) 683-5391
> (215) 683-5397 (fax)
> margaret.fenerty@phila.gov